IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CREIGHTON LIMITED,**<br>whose address is<br>783 Old Hickory Blvd.,<br>West Tower,<br>Suite 307,<br>Brentwood, TN 37027<br><br>         Petitioner,<br><br>v.<br><br>**THE GOVERNMENT OF THE STATE<br>OF QATAR,**<br><br>         Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. _____ |

LAMBERTH, J. RCL   E

94 1035

FILED
MAY 11 1994
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

SERVE:   HIS EXCELLENCY SHEIK HAMAD BIN JASIM AL THANI
         THE MINISTER OF FOREIGN AFFAIRS OF QATAR
         QATAR EMBASSY
         SUITE 1180
         600 NEW HAMPSHIRE, N.W.
         WASHINGTON, D.C. 20037

## PETITION FOR ORDER CONFIRMING FOREIGN ARBITRAL AWARD

Petitioner, Creighton Limited ("Creighton"), states as its petition for an order confirming a foreign arbitral award against respondent, The Government of the State of Qatar ("Government"), the following:

### I. PARTIES

1.   Creighton is a limited liability company organized under the laws of the Cayman Islands, British West Indies, with its principal place of business in the City of Nashville, State of Tennessee.

2. The Government is a constitutional monarchy located in the Middle East.

## II. JURISDICTION AND VENUE

3. The proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("Convention"), and under 9 U.S.C. § 201 et seq. and particularly 9 U.S.C. § 207 thereof. The jurisdiction of this Court arises under 9 U.S.C. § 203, 28 U.S.C. § 1330, and 28 U.S.C. § 1605(a)(6)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

## III. FACTS

4. On June 19, 1982, Creighton and the Government entered into a contract for the construction, completion, and maintenance of the New Women's Hospital in Doha, Qatar (the "Contract"). Clause 67 of the Contract provided that all disputes shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce ("ICC") Court of Arbitration ("Rules") by one or more arbitrators appointed in accordance with the Rules. Clause 76 of the Contract provided that the Contract shall be construed, operated, and interpreted in accordance with the laws of Qatar. The Contract evidences a transaction involving commerce with a foreign nation as shown. The Contract has no provision concerning the place of arbitration. The Contract, which was drafted by the Government, was written in the English language. A copy of the Contract is attached hereto as Exhibit A.

5. During the course of the Contract, on November 30, 1986, notice was given to Creighton referring to Clause 63(1) of the Contract and on December 15, 1986 Creighton was expelled from the site. Pursuant to Article 3 of the Rules, on May 14, 1987, Creighton filed

a Request for Arbitration with the ICC, Case No. 5948/MB/ES/JK ("Case No. 5948"), asserting various claims against the Government arising out of the performance of the Contract and Creighton's expulsion from the site. The Government objected to the jurisdiction of the ICC over Creighton's claims on the grounds that certain pre-conditions to arbitration under Clause 67 of the Contract had not been satisfied. In accordance with Article 2 of the Rules, Creighton nominated Gordon L. Jaynes, Esq. as an arbitrator and the Government nominated Robert A. MacCrindle, Q.C. as an arbitrator. The ICC Court of Arbitration confirmed these nominations and selected Dr. Joachim E. Goedel as the third member of the Arbitral Tribunal and its Chairman. Pursuant to Article 12 of the Rules, the ICC Court of Arbitration fixed Paris, France as the place of arbitration. The Government and Creighton agreed during the course of the arbitration that the language of the arbitration would be English.

6.  By Partial Award dated February 22, 1989, the Arbitral Tribunal in Case No. 5948 ruled that, under Clause 67 of the Contract, it did not have jurisdiction over six of the eight claims asserted by Creighton ("Claims 3-8"). Creighton, thereafter, initiated, through filing a Request for Arbitration with the ICC, Case No. 6828/ES/JK ("Case No. 6828") on April 4, 1990 in relation to the claims over which the Arbitral Tribunal in Case No. 5948 ruled that it did not have jurisdiction. In accordance with Article 2 of the Rules, Creighton nominated Gordon L. Jaynes, Esq. as an arbitrator and the Government nominated Robert A. MacCrindle, Q.C. as an arbitrator. The ICC Court of Arbitration confirmed these nominations and selected Dr. Joachim E. Goedel as the third member of the Arbitral Tribunal and its Chairman. As in Case No. 5948, pursuant to Article 12 of the Rules, the ICC Court of Arbitration fixed Paris,

France as the place of arbitration. As in Case No. 5948, the Government and Creighton agreed during the course of the arbitration that the language of the arbitration would be English.

7.   A hearing on Creighton's Claims 1 and 2 in Case No. 5948 was held in Paris, France in November 1989. In April 1992, the parties agreed to a joint, final hearing of the issues in Case Nos. 5948 and 6828. The parties further agreed that separate awards were to be made for each case. That joint, final hearing was held in London, England in February-March 1993.

8.   By two letters dated October 27, 1993, to counsel for Creighton and the Government, the Secretariat of the ICC Court of Arbitration, Joachim Kuckenburg, transmitted to the parties the Final Awards each dated October 18, 1993 for Case Nos. 5948 and 6828. Certified copies of the Final Awards for Case Nos. 5948 and 6828 are attached hereto as Exhibits B and C, respectfully.

9.   The Final Award in Case No. 5948 ordered the Government to pay to Creighton Six Million Nine Hundred Six Thousand Two Hundred Fifty-One and 20/100 Qatari Riyals ("QR") (QR6,906,251.20) together with interest at Six Percent (6%) per annum from October 18, 1993 to the date of the principal sums awarded under paragraph 1 of the Final Award on page 41 of the Final Award. At the exchange rate on January 1, 1994 of 1.00 USD ($1.00) to QR 3.65, the Case No. 5948 Final Award before interest is added amounts to One Million Eight Hundred Ninety-Two Thousand One Hundred Twenty-Three and 60/100 Dollars ($1,892,123.60). The Final Award also decreed that the Government is ordered to pay to Creighton Seven Hundred Fifty Thousand and no/100 Dollars ($750,000.00) by way of

contribution to Creighton's legal costs in the arbitration together with interest at the rate of Six Percent (6%) per annum on this sum from October 18, 1993 to the date of payment.

10. The Final Award in Case No. 6828 ordered the Government to pay to Creighton Eleven Million Forty-Eight Thousand Two Hundred Ninety-Seven and 60/100 Qatari Riyals (QR11,048,297.60) together with interest at Six Percent (6%) per annum from October 18, 1993 to the date of payment upon the unpaid balance of the principal sums awarded under paragraph 1 of the Final Award on page 39 of the Final Award. At the exchange rate on January 1, 1994 of 1.00 USD ($1.00) to QR 3.65, the Final Award before interest is added amounts to Three Million Twenty-Six Thousand Nine Hundred Thirty and 85/100 Dollars ($3,026,930.85). The Final Award also decreed that the Government is ordered to pay to Creighton Seven Hundred Fifty Thousand and no/100 Dollars ($750,000.00) by way of contribution to Creighton's legal costs in the arbitration together with interest at the rate of Six Percent (6%) per annum on this sum from October 18, 1993 to the date of payment.

11. The Convention states, in Article I therein, that it applies to "the recognition and enforcement of arbitral awards made in the territory of a state other than the state where the recognition and enforcement of such awards are sought...." Both the United States of America and France are parties to the Convention. Both Final Awards in Case Nos. 5948 and 6828 were made in Paris, France on October 18, 1993.

### IV. PRAYER FOR RELIEF

WHEREFORE, petitioner, Creighton Limited, respectfully moves the Court:

1. For an order confirming said awards as against the respondent, the Government of the State of Qatar in the amount of Six Million Five Hundred Fifty-Nine Thousand Six

Hundred Eighty-Three and 45/100 Dollars ($6,559,683.45) (as of April 15, 1994) plus additional interest and costs as set forth in the awards;

2. That a judgment be entered in conformity therewith;

3. That petitioner, Creighton Limited, be allowed its costs incurred herein; and

4. That petitioner, Creighton Limited, be awarded such other and further relief as may be just and proper.

## VERIFICATION

State of Tennessee)
County of Davidson)

I, Nabeel Helou, on behalf of Creighton Limited, the petitioner in the above-entitled action, declare under penalty of perjury that the foregoing is true and correct.
Executed on _____May 6, 1994_____.

_____
Nabeel Helou

Sworn to and subscribed
before me on this _____
day of May/1994.

_____
Notary Public

My Commission: __11-30-96__

Respectfully submitted,

WHITEFORD, TAYLOR & PRESTON

By: _____
John J. Hathway #(412664)
888 17th Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 659-6800


MANIER, HEROD, HOLLABAUGH & SMITH

By: _____
Don L. Smith
John E. Quinn
2200 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219
(615) 244-0030

Attorneys for Petitioner, Creighton Limited